WC:TJS
F.#2010R00738

**M-10-709**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

SALIMOTA OWOLABI,

        Defendant.

- - - - - - - - - - - - - - - -X

TO BE FILED UNDER SEAL

COMPLAINT & AFFIDAVIT IN
SUPPORT OF ARREST WARRANT

(T. 18, U.S.C., § 641)

EASTERN DISTRICT OF NEW YORK, SS:

      JARRED PALMIOTTO, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Housing and Urban Development, Office of Inspector General ("HUD-OIG"), duly appointed according to law and acting as such.

      Upon information and belief, on or about and between October 4, 2005 and November 18, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SALIMOTA OWALABI did knowingly and intentionally steal, purloin and convert to her own use money and things of value of the United States and a department and agency thereof, to wit: approximately $54,276 in federally funded low income housing financial assistance issued by the United States Department of Housing and Urban Development ("HUD") (known as the "Section 8 Program").

      (Title 18, United States Code, Section 641)

The source of your affiant's information and the grounds for his belief are as follows.[1]

1. I have been a Special Agent with the Office of the Inspector General at HUD for approximately three years. The facts set forth in this Affidavit are based upon an investigation by HUD-OIG, including review of documents and public records. Where actions, conversations and statements of others are related in this Affidavit, they are related in substance and in part unless otherwise indicated.

2. The Section 8 Program provides rent subsidies to low-income families. To be eligible for Section 8 Program benefits, tenants are required to satisfy certain criteria, including establishing that they are United States citizens or that they legally reside in the United States, and that they fall within certain low-income guidelines and categories. A tenant whose income is outside the applicable guidelines cannot receive Section 8 Program subsidies. In addition, the amount of Section 8 subsidies received by tenants is dependent on incomes. Individuals with higher incomes receive smaller subsidies.

3. Each year, applicants must re-certify for the Section 8 Program subsidies by completing their re-certification packages, which are comprised of HUD 50059 Forms. These forms require information about applicants' annual income and expenses,

---

[1]   Because this affidavit is intended only to set forth sufficient facts to establish probable cause to arrest the defendant, I have not described all of the relevant facts and circumstances of which I am aware concerning this investigation.

2

household occupants, and supporting documents filed in connection with the applicants' participation in the Section 8 Program. If there are any relevant changes to tenants' information between the annual re-certifications, such as a change in their employment, the tenants must be re-certified for Section 8 Program benefits within approximately thirty days of the change. This interim re-certification is required in addition to applicants' annual re-certifications.

4. In or about March 2010, HUD-OIG began investigating SALIMOTA OWALABI's compliance with the program. During the course of this investigation, HUD-OIG became aware that the defendant SALIMOTA OWALABI, in her HUD 50059 Forms for Section 8 benefits in 2005 through 2008 for her apartment at 5 Davidson Street, Staten Island, New York, misstated her employment and income and the employment and income of other members of her household.

5. The HUD 50059 is submitted to HUD and signed by the Section 8 tenant. In addition, the form includes the following certification: "Tenant(s)' Certification: I/We certify that the information in Sections C, D, and E of this form are true and complete to the best of my/our knowledge and belief. I/We understand that I/we can be fined up to $10,000, or imprisoned up to five years, or lose the subsidy HUD pays and have my/our rent increased, if I/we furnish false or incomplete information." The income of each member of the tenant's household is provided in Section D of the HUD 50059 form.

3

5.  In 2005, 2006, 2007 and 2008, the defendant SALIMOTA OWALABI reported family incomes on HUD 50059 forms totaling: $7,280 in 2005, $7,280 in 2006, $11,700 in 2007, and $17,472 in 2008.

6.  The defendant SALIMOTA OWALABI's New York State W-2 tax forms and the W-2 tax forms of Azeez Saka who is listed as a household member on each HUD 50059 form between 2005 and 2008, showed total their total wages as $49,229 in 2005, $42,641 in 2006, $87,834 in 2007, and $151,805 in 2008.

7.  Had the defendant indicated the true household income for the years 2005 to 2008, HUD would have recalculated the Section 8 Program subsidy paid on her behalf. However, because the defendant submitted false information with respect to her income and Azeez Saka's income, HUD paid approximately $54,276 in Section 8 subsidies to which the defendant was not entitled.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant SALIMOTA OWALABI so that she may be dealt with according to law.

Special Agent Jarred Palmiotto
Office of Inspector General
United States Department of
Housing and Urban Development

Sworn to before me this
21st day of June, 2010

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK